Judge Lane
delivered the opinion of the court:
The question arising upon these facts is, whether a.corner set in a survey, made under the act of 1796, is so absolutely unalterable, that a subsequent surveyor is bound to adopt it, however erroneous, as an element of later subdivisions, or whether, in Case' the lines of subdivision are so run as to correct the mistake, and the survey and field notes are deposited in the proper office, a-. subsequent purchaser may disregard the completed survey, and extend his boundaries beyond the lines run to the first established^ corner. If the affirmative of these' propositions be maintained,, the defendant will lose two hundred and fifty-two acres of land,, lying on the Scioto bottom, from the three hundred and forty-five acres which he purchased, and the plaintiff will recover two hundred and fourteen acres for which he never paid.
If instruments were perfect, and surveyors entirely skillful, the law which directs corners to be set at prescribed distances, and connected by straight lines of subdivision, might be easily obeyed ■ but so many causes of error attend geodetical operations, that no-minute accuracy, or exact correspondence in the work of different agents, is attainable by any ordinary pains. To prevent disputes,., therefore, it has been a governing principle in the disposition of public lands, since 1796, that surveys, to define the limits and ascertain the quantity of lots, shall be made by officers of the-United Slates, and taken to be correct. As deeds are defined by lines, not by points, corners do not make the boundaries of surveys, although they form the termination and give direction to-the boundary lines. These lines must be run; no survey is complete without them. The statute of 1805 refers to them as necessary parts of'these surveys, and lots can not be identified without reference to the records of these lines, kept in the office of the-surveyor general “for public information ” (Swan’s Land Laws,. *161 36), or as transmitted to the register by him. It is this actual line which binds purchasers, and to determine this settles the boundaries of lots. This doctrine has beon often before the court. Two cases are reported, and another in Champaign county is recollected, recognizing the principle. Wright, 599, 634.
If a mistaken line may be corrected, so may an erroneous corner. If the plaintiff may insist on amending the errors of Denny, the defendant, with equal justice, may correct the mistake of the first survey, by placing the corner at the prescribed distance. *But all these questions are precluded, when the proof shows no line was actually run between these sections with an intention of marking boundaries, except that which adopts the elm corner. The rule is, in truth, a rule of peace, and' is especially applicable to a purchase subsequent, and in reference to a line run, where the purchaser has obtained all he contracted to buy.
Motion for new trial overruled.
Judgment for defendants.
Note. — In the statement of this case, page 148, at the end of the first paragraph, the following facts were omitted:
“ITield notes of this survey were duly returned to the surveyor-general, and by him transmitted to the register of the district, and are the only field notes showing a line run between these sections.”